[No. 25072. Department One. June 13, 1934.]

HARRY A. URQUHART, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Phil K. Eaton* and *Harry Ellsworth Foster*, for appellant.

*The Attorney General* and *Browder Brown, Assistant*, for respondent.

STEINERT, J.—On May 15, 1924, appellant, while engaged in extrahazardous employment, sustained an injury resulting in a double hernia. A report of the accident was filed on July 3, 1924, and shortly thereafter appellant made claim for compensation, alleging in the claim that he had partially recovered from his injury. On July 8, 1924, respondent advised appellant that he would be required to undergo a radical surgical opera-

[1] Reported in 33 P. (2d) 380.

tion to relieve the disability, and that not more than five days' time loss would be allowed him prior to the operation. Appellant was further requested to advise respondent of the date of such operation, if performed, and the name and address of the attending physician.

In response to this request, appellant wrote the respondent on August 1, 1924, stating that he had not yet had a surgical operation, but planned on having one as soon as possible, and that Dr. C. E. Bartlett of Aberdeen would be the attending physician; in this letter, appellant also inquired whether he was required to have an authorization for his operation and claim. In reply to appellant's communication, respondent, on August 8, 1924, wrote to him, stating that his claim for compensation was complete, and further advising him that, as soon as Dr. Bartlett had operated, the claim would go forward for payment.

On September 16, 1924, the operation not having been performed, the claim was suspended by the respondent. No notice of such suspension, however, was ever given to appellant. The order of suspension is contained in the summary and findings of the department, and is as follows:

"That claimant has not complied with the rules of the Dept. re. hernia. Awaiting notice of operation for hernia.

"Wherefore decision is rendered as follows: SUSPENDED."

It will be observed that what we have thus far narrated occurred in the year 1924. No further communication between appellant and respondent appears to have taken place until 1933, practically nine years later.

On March 2, 1933, appellant was operated on for hernia by Dr. J. M. McDonald, of Hoquiam, a physician other than the one originally suggested by appellant.

The operation was performed without the knowledge of, or any renewed authority from, respondent. The doctor's bill and the hospital bill in connection with these services amounted to $128.85, for which a claim was made to the respondent, and by it rejected on May 29, 1933. The departmental file reveals that the claim was rejected on the ground that the statute of limitations had run against it; and that, therefore, it could not be reopened for further consideration.

Appellant, on June 28, 1933, petitioned for a review of the order rejecting the claim. The petition was denied on July 25, 1933, on the sole ground that the statute of limitations had run against the claim. The appellant then took an appeal to the superior court. The cause was submitted to the court upon the certified departmental file, without any additional evidence, and after argument by counsel, the court made its findings of fact to the effect that appellant had refused and neglected to submit himself to operative treatment within a reasonable time, that is, for a period of approximately nine years after the operation had been authorized by the department. The court concluded that the respondent was entitled to a dismissal, and entered judgment accordingly. This appeal followed.

There is but one question presented in this case, and that is whether, under the facts as narrated, appellant's right to compensation for his operation has been lost because of unreasonable delay in its performance.

The statute relied on by the respondent at the time of making its order of rejection is Rem. Rev. Stat., § 7679(h), which relates to readjustment of the rate of compensation in a case where there has been an aggravation, diminution or termination of disability after the rate of compensation shall have been established or the compensation shall have terminated. It

appears to be now conceded by counsel for respondent that this section of the statute has no application to the present case. With this concession, we fully agree, and will therefore not spend any further time in discussing that phase of the matter.

██ Respondent now relies upon Rem. Rev. Stat., § 7688, as controlling this case and as requiring an affirmance of the judgment. That section, so far as it is at all material here, reads as follows:

"Any workman entitled to receive compensation under this act is required, if requested by the department, to submit himself for medical examination at a time and from time to time at a place reasonably convenient for the workman and as may be provided by the rules of the department. If the workman refuses to submit to any such examination, or obstructs the same, his rights to monthly payments shall be suspended until such examination has taken place, and no compensation shall be payable during or for account of such period; or, if any injured workman shall persist in unsanitary or injurious practices, which tend to imperil or retard his recovery, *or shall refuse to submit to such medical or surgical treatment as is reasonably essential to his recovery, the commission may reduce or suspend the compensation of such workman.*" (Italics ours.)

It will be observed that the first part of this section, as quoted, has reference to the refusal of the workman to submit himself for *examination* upon the request of the department, at such times as are reasonably convenient for the workman and as may be provided by the rules of the department. What the rules of the department in this respect are, we are not advised by the record. It is not contended by respondent that this portion of the statute, relative to examination of the workman, has any application to the facts of this case, nor is it contended that appellant has persisted in unsanitary or injurious practices.

Respondent rests its case entirely upon the italicised portion of the statute above quoted. It will be observed that the right of the department to reduce or suspend the compensation arises out of the *refusal* of the workman to submit to medical or surgical *treatment*. It will be further observed that the penalty for such refusal is not the denial of the claim *in toto,* but simply its reduction or suspension. We are not here concerned with any question of reduction in compensation, for no payments have ever been made to respondent. The term "suspend," read in the light of its context as disclosed by the language which precedes it, in our opinion, contemplates a temporary withholding of payment, pending a submission to treatment, and does not, in the absence of a wilful refusal to comply with a proper order, contemplate an absolute denial of the claim in its entirety.

As already stated, the appellant was never notified that his claim had been suspended. From aught that appears in the record, the appellant was conscientiously attempting to get along without an operation, and without claiming the benefits to which he was, at the time of his injury, admittedly entitled. Having been specifically told by the department that, when the operation was performed, the claim would go forward for payment, the appellant was led to believe, in the absence of a contrary notice, that, when the operation became necessary, he might then have it performed. Whether a delay of nine years, after specific notice of suspension, would have been such an unreasonable delay as to amount to a refusal on his part to have the operation performed, it is not necessary for us to decide. The only question for decision here is whether the order of suspension, without notice to appellant, cancelled and terminated all right of compensation to

him. We are clearly of the opinion that, under the facts before us, it did not.

Inasmuch as the statute of limitations does not apply, and since we hold that the delay in the operation did not, under the circumstances, amount to a refusal on the part of appellant to have it performed, it follows that the judgment herein must be reversed, with instruction to the trial court to remand the cause to the department with direction that it proceed to make such payment as is provided by law, from date of the operation. It is so ordered.

MILLARD, MAIN, MITCHELL, and BLAKE, JJ., concur.